IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David E. McCuen, | ) | Case No.: 6:19-cv-02602-JD-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| PI Corporate Support Services, LLC dba Pharmacy Innovations, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Jacquelyn D. Austin ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) of the District of South Carolina.[1] Plaintiff originally filed this action in the Greenville County Court of Common Pleas on August 19, 2019, alleging discrimination under the Age Discrimination in Employment act ("ADEA"). (DE 1-1.) Defendant removed the action on September 13, 2019. (DE 1.) Thereafter, Plaintiff filed an amended complaint on October 4, 2019. (DE 11.) On June 12, 2020, Defendant filed a motion for summary judgment. (DE 39). Plaintiff filed a response in opposition (DE 45), and Defendant filed a reply thereto. (DE 48.)

On August 11, 2020, the magistrate judge issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be granted and that the case be

---

[1]  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

dismissed. For the reasons stated below, the Court adopts the Report and Recommendation and grants Defendant's Motion for Summary Judgment.

I.    **FACTUAL AND PROCEDURAL BACKGROUND**

The record, viewed in the light most favorable to Plaintiff, reveals the following. At age 70, Plaintiff was hired by Defendant to work as a dispensing technician in its pharmacy in Greenville, South Carolina in May 2018. Plaintiff's duties included counting tablets, putting them in bottles, and labeling bottles for the pharmacist's final check; performing data entry; answering the phone, handling the cash register, and shipping items, among other tasks. Plaintiff was not qualified to do sterile compound work. Over time, the number of prescriptions being filled at the store dropped significantly, and Plaintiff was terminated in January 2019.

After Plaintiff's termination, an applicant Defendant had interviewed for a position involving sterile compound work—before Plaintiff had even been hired—contacted Defendant to see whether Defendant still needed such a person. At that time, the store needed another sterile compounding technician, and Defendant hired the person who was approximately 24 years old ("the New Hire"). New Hire began work only days after Plaintiff's termination. (DE 45-1 at 21– 22, 25–26; 45-2 at 2; 48-3 at 2–3.) Defendant thereafter interviewed other candidates, but the record does not reflect whether anyone else was hired.

Plaintiff subsequently filed a timely discrimination charge with the Equal Employment Opportunity Commission and received a right-to-sue-letter. (DE 11, ¶ 15.) Plaintiff then filed this action, alleging that he was terminated on the basis of his age in violation of the ADEA and seeking lost wages and reinstatement.

On August 11, 2020, the magistrate judge issued a Report and Recommendation, recommending that Defendant's Motion for Summary Judgment be granted and that the action be

dismissed. Plaintiff filed objections to the Report and Recommendation alleging, *inter alia*, that "[t]he linchpin of the Magistrate Judge's Report and Recommendation is that the Plaintiff was required to show a prima facie case that included showing evidence that he was actually replaced by someone outside the protected class." (DE 53, Obj. p. 1.) This matter is now ripe for review.

## II.     DISCUSSION

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Plaintiff's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.[1] However, the court was able to glean the following specific objections, which will be addressed *seriatim*. First, Plaintiff objects to the

---

[1] For example, Plaintiff states in his objection that "[t]he R&R seems to conclude that McCuen was not meeting expectations even though the Magistrate does not rely on that conclusion in making any recommendation." (DE 53, p. 3; see also DE 53, p. 4) (Shifting Reason for the Discharge). Since these objections are not at the heart of the parties' dispute or merely restating arguments, no explanation is required for adopting the recommendation.

3

Report and Recommendation because it ". . . dismisses Ridgeway's ageist comment (p. 10 of R&R) by characterizing it as a positive comment about McCuen's age." (DE 53, p. 5.) Plaintiff contends that the Report and Recommendation engaged in fact finding which is improper. This Court finds that it was proper for the magistrate to determine based on the facts in this case "that that Defendant considered Plaintiff's advanced age to be an *asset*." (DE 51, p. 11.) See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 513 (4th Cir. 1994) (". . . employers who knowingly hire workers within a protected group seldom will be credible targets for charges of pretextual firing.")

Next, Plaintiff objects to the Report and Recommendation requiring the Plaintiff prove a prima facie case of discrimination. (DE 51, p. 5.) Plaintiff contends that Plaintiff's prima facie case need only show:

> (1) he was in the age group protected by the ADEA; (2) he was discharged or demoted; (3) at the time of the discharge or demotion, he was performing his job at a level that met his employer's legitimate expectations; and (4) his discharge occurred under circumstances that raise a reasonable inference of unlawful age discrimination. *Halperin v. Abacus Technology Corp.*, 128 F.3d 191, 196 (4th Cir. 1997) (Emphasis added).

Plaintiff further contends circumstantial evidence is sufficient. However, none of the circumstantial evidence in the record raise a genuine issue of material fact.

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). Absent direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor motivated an employer's adverse employment action, a plaintiff may proceed under the McDonnell Douglas "pretext" framework to establish a claim of employment discrimination. Buchhagen v. ICF Int'l, Inc., 650 F. App'x 824, 828 (4th Cir. 2016) (recognizing that the Fourth Circuit applies the McDonnell Douglas burden-shifting framework to

ADEA cases). Under this framework, a plaintiff must first prove a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). If the plaintiff succeeds, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action. Id.

Here, the Court finds that the Plaintiff has not forecasted evidence to establish his prima facie case because he did not show that he was replaced with a person with whom he had comparable qualifications. The only person the Plaintiff points to for his circumstantial evidence is a ". . . "New Hire [who] 'had been interviewed prior to [Plaintiff's] having been hired and was always going to be a sterile technician' and that she texted Defendant, asking if it 'still had a need for a sterile tech.'" (DE 51, p. 8.) The record shows that the New Hire did not replace the Plaintiff, and in fact left employment after less than a week. Equally, the evidence shows that Defendant determined that its bottom line would benefit from eliminating Plaintiff's position. In addition, Plaintiff has not forecasted any evidence that calls Defendant's financial considerations into question. Accordingly, there is no genuine issue as to a material fact that the Plaintiff did not meet Defendant's legitimate employment performance expectations.

It is, therefore, **ORDERED** that Defendant's Motion for Summary Judgment is granted and that Plaintiff's Amended Complaint is dismissed.

**IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

February 25, 2021
Greenville, South Carolina